**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4692

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN REVELS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:20-cr-00020-BO-2)

Submitted:  April 3, 2023                                      Decided:  April 19, 2023

Before HARRIS, RICHARDSON, and HEYTENS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  W. Michael Dowling, THE DOWLING FIRM PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On September 4, 2016, Jonathan Revels was involved in a dispute at a property in Red Springs, North Carolina, that ultimately resulted in the fatal shooting of Jason Hunt. Following the incident, Revels was indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2018).[1] A jury convicted Revels of the charge, and the district court sentenced him to 120 months' imprisonment. On appeal, Revels argues that the court erred in admitting certain testimony at trial, miscalculated his Sentencing Guidelines range, failed to rule on disputed facts at sentencing, and failed to adequately explain the sentence. We affirm Revels' conviction, vacate the sentence, and remand for resentencing.

We first address Revels' contention that the district court should have excluded testimony, pursuant to Fed. R. Evid. 403, that obliquely referenced the shooting at the Red Springs property. Under Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "Unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) (cleaned up). Thus, under Rule 403, relevant evidence is inadmissible "when there is a genuine risk that the

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because the defendant's offense occurred before the June 25, 2022, amendment of the statute.

emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 124 (4th Cir. 2011) (cleaned up).

"We review a district court's evidentiary rulings for abuse of discretion." *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018); *see also Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349-50 (4th Cir. 2014) (noting we "will not overturn a Rule 403 decision except under the most extraordinary of circumstances, where a trial court's discretion has been plainly abused" (cleaned up)). Even if an evidentiary ruling is erroneous, however, we will not vacate the defendant's conviction if the error was harmless. "An error is harmless if we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Burfoot*, 899 F.3d at 340 (internal quotation marks omitted).

Here, video footage from a cell phone conclusively established that Revels possessed two firearms, and Revels stipulated that he knew he was a felon. In light of this overwhelming evidence of Revels' guilt on the felon-in-possession charge, we conclude that the district court's allowance of testimony briefly mentioning the shooting at Red Springs, even if erroneous, was harmless. *See United States v. Ball*, 18 F.4th 445, 453 (4th Cir. 2021) (noting elements of § 922(g) offense). Accordingly, we affirm Revels' conviction.

With respect to the sentence, Revels argues, in part, that the district court's application of the Guidelines was erroneous in light of the facts of his offense. In response,

3

the Government concedes that it mistakenly misrepresented a material fact at the sentencing hearing. Given this admission, we conclude that remand for resentencing is warranted to ensure that the court does not rely on erroneous factual representations in selecting Revels' sentence. *See United States v. Lymas*, 781 F.3d 106, 111-13 (4th Cir. 2015) (noting court errs by "selecting a sentence based on clearly erroneous facts").[2] Because the Government's factual misrepresentation independently requires resentencing, we do not address at this juncture Revels' additional challenges to the original sentence.

Accordingly, we affirm Revels' conviction, vacate his sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[2] Revels suggests that the Government's misrepresentation of a material fact also warrants further investigation. We conclude that remand for resentencing will cure any potential prejudice. *See United States v. Dyess*, 478 F.3d 224, 236 (4th Cir. 2007) (discussing proper remedy for prosecutorial misconduct).